**EXHIBIT 1**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| JENNIFER MORTS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>    Defendant. | No.<br><br>COMPLAINT FOR DAMAGES |

COMPLAINT FOR DAMAGES
Page i

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

EXHIBIT 1

## I. NATURE OF THE ACTION

1. This is an action for damages under the Washington Family Leave Act, RCW 49.78 *et seq.* ("FLA"), the Washington Law Against Discrimination, RCW 49.60 *et seq.* ("WLAD"), 42 U.S.C. § 1981 *et seq.* ("Section 1981"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and Washington's tort of wrongful discharge in violation of public policy, to correct unlawful employment practices by Defendant Microsoft Corporation and to provide appropriate relief to Plaintiff Jennifer Morts, an employee who was adversely affected by such practices.

2. These laws provide relief against the deprivation of and/or interference with rights entitled under FLA, WLAD, Section 1981, the FMLA, and the tort of wrongful discharge in violation of public policy, which provide relief against discrimination, harassment, and retaliation in employment on the basis of race, national origin, sex, gender, disability, protected leave, and wrongful discharge.

3. Plaintiff seeks monetary and injunctive relief, including pecuniary and non-pecuniary damages and punitive damages, to the fullest extent allowed by law.

## II. RESERVATION OF RIGHTS

4. Plaintiff reserves the right to add, revise, or withdraw any claims, or add additional parties during the course of the litigation as information is obtained through litigation.

## III. JURISDICTION, VENUE AND PARTIES

5. Plaintiff Jennifer Morts is a resident of the State of Washington.

6. Defendant Microsoft Corporation is a Washington corporation doing business in King County, Washington, which at all relevant times had the requisite number of employees under the various statutes pled herein.

7. At all relevant times, Defendant Microsoft Corporation was an employer within the meaning of the various statutes pled herein.

COMPLAINT FOR DAMAGES
Page 1

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

8. At all relevant times, Plaintiff was employed by Defendant.

9. This Court has jurisdiction pursuant to RCW 2.08.010 because Plaintiff requests relief exceeding $300.00.

10. Venue is proper in King County, Washington, under RCW 4.12.025, because Defendant Microsoft transacts business in King County.

## IV.     STATEMENT OF CLAIMS

11. The preceding paragraphs 1 through 10 are re-alleged and hereby incorporated by reference.

12. Defendant engaged in unlawful employment practices against Plaintiff while she was employed by Defendant in violation of the FLA, WLAD, Section 1981, the FMLA, and Washington's tort of wrongful discharge in violation of public policy.

13. Ms. Morts is a white female of American national origin.

14. Ms. Morts was employed by Defendant from approximately 1996 until her unlawful discharge on or about September 9, 2019.

15. Ms. Morts is a software engineer who at all relevant times principally worked within Defendant's Information Technology ("IT") department.

16. Throughout her career with Defendant, Ms. Morts received positive feedback from her supervisors and peers, received promotions and bonuses and numerous awards, and enjoyed an upward career trajectory.

17. Indeed, Ms. Morts received a promotion in or about March 2017 to Level 66.

18. During the Spring and Summer of 2017, Ms. Morts learned that a male manager she supervised was creating a hostile work environment for female employees and women on the team, including female leaders such as Ms. Morts.

19. Ms. Morts reported this discrimination and hostile work environment to Defendant.

COMPLAINT FOR DAMAGES
Page 2

**THE BLANKENSHIP LAW FIRM, PLLC**
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

20. Rather than protecting Ms. Morts, Defendant failed to conduct a proper investigation or take appropriate action to remedy the discrimination and hostile work environment.

21. Defendant allowed the male employee to retaliate against Ms. Morts and remain on her team where he continued to create a hostile work environment.

22. On or about December 1, 2017, Ms. Morts had a written "Connect," a performance review, with her manager and received positive feedback.

23. Consistent with all prior evaluations, Defendant gave Ms. Morts roundly positive feedback for her work and leadership in this December 2017 Connect.

24. During 2017, Defendant promoted Ms. Morts and gave her numerous awards, including a spot bonus, i.e., a bonus given spontaneously for excellent work.

25. On or about December 17, 2017, Ms. Morts was unexpectedly admitted to the hospital with a serious medical condition. Ms. Morts had a bacterial infection which caused septic shock and multi-system organ failure.

26. For weeks after being admitted to the hospital, Ms. Morts received life-saving and drastic treatments.

27. Ms. Morts was on a respirator and required exploratory surgery where doctors removed infected organs.

28. Later, Ms. Morts underwent another surgery to remove a bowel obstruction.

29. Ms. Morts also suffered from a heart infection, leaky heart valve, blood clots, a lung condition, fluid in her lungs, and a fever that lasted about eight weeks.

30. Even after she was released from the hospital, Ms. Morts remained on IV antibiotics that had to be administered for weeks multiple times daily.

31. On or about December 18, 2017, Ms. Morts's husband notified Defendant that Ms. Morts was hospitalized for an unanticipated but gravely serious health condition.

COMPLAINT FOR DAMAGES
Page 3

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

32. On or about December 18, 2017, Ms. Morts began protected medical leave from her job.

33. During this leave, Ms. Morts repeatedly informed Defendant about her health condition.

34. Ms. Morts returned from her protected medical leave on or about March 12, 2018.

35. Prior to returning from her medical leave in March 2018, Ms. Morts was professionally successful and had every reason to expect her career to continue to thrive and progress with Defendant.

36. Ms. Morts was consistently recognized as a high or top performer since she began working for Defendant:

   a. Ms. Morts was the recipient of many awards based on her performance and management skills;

   b. Ms. Morts consistently progressed to the next level of responsibility and pay grade through promotions from Level 59 to Level 66.

   c. Never before March 2018 had Defendant:

      (1) rated Ms. Morts's performance below average;

      (2) provided her with a zero in any compensation category, including "Rewards" bonus or stock;

      (3) provided her with any written performance or discipline issues; or

      (4) removed her direct reports and strip her of her managerial responsibilities.

37. After Ms. Morts returned from leave, Defendant began taking several adverse employment actions against her, including an unjustified negative 1:1 meeting on or about May 22, 2018.

COMPLAINT FOR DAMAGES
Page 4

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

38. On or about June 6, 2018, Ms. Morts received an unjustified negative Connect and poor review from her direct supervisor, Ms. Jane Zhang.

39. Ms. Zhang is Asian and of Chinese national origin.

40. The June 2018 unjustified negative review was discriminatory and retaliatory based on Ms. Morts's protected medical leave, her race and/or national origin (white/American), and her prior protected activity.

41. On or about August 14, 2018, Ms. Morts received her annual "Rewards" (i.e., merit-based salary increase, bonus, and stock award), which were substantially less as a percentage than what she had regularly received prior to her protected medical leave.

42. On information and belief, other employees supervised by Zhang who were also of Chinese national origin and/or race received higher "Rewards" than Ms. Morts.

43. Receiving a negative "Connect" and low "Rewards" placed an indelible negative mark on Ms. Morts and made it virtually impossible for Ms. Morts to move or change roles within Microsoft.

44. On or about October 22, 2018, Defendant announced a re-organization and informed Ms. Morts that she would lose her team and would no longer have any employees reporting to her.

45. In November and December 2018, Defendant failed to provide Ms. Morts a written "Connect" review, even though one was due.

46. On or about January 8, 2019, Ms. Morts was replaced by a male in the role she occupied before Defendant stripped her of her direct reports.

47. Losing all of her direct reports in combination with her negative "Connect" and poor "Rewards" effectively ended any ability Ms. Morts had to continue her upward trajectory within the company or move to different positions within the company.

48. On or about March 4, 2019, Ms. Morts began a medically protected leave for anxiety, depression, high blood pressure, loss of sleep, and other medical issues.

COMPLAINT FOR DAMAGES
Page 5

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

49. Ms. Morts's medical issues were caused, in part, or worsened by Defendant's discrimination and retaliation.

50. On or about August 29, 2019, Ms. Morts received another round of poor "Rewards," including zero stock awards for the first time in her career with Defendant.

51. When Defendant, for the first time, provided Ms. Morts with zero stock awards, it made her ineligible for interviews with other teams at Microsoft.

52. Due to the hostile work environment that Defendant caused, Ms. Morts could not return to work and resigned from Defendant on September 9, 2019. She was unlawfully discharged.

53. Defendant discriminated against Ms. Morts based on her race in violation of the WLAD and Section 1981.

54. Defendant failed, in good faith, to comply with the requirements of the FLA and FMLA.

55. Defendant interfered with Ms. Morts's exercise of her rights under the FLA and FMLA.

56. Defendant retaliated against Ms. Morts in violation of the WLAD, Section 1981, the FMLA and FLA.

57. Defendant discriminated and retaliated against Ms. Morts and subjected her to a hostile work environment because of her race (white), her national origin (United States/American), her sex (female), and for her engaging in protected activity (retaliation).

58. Asian/Chinese and/or male employees were treated better than Ms. Morts and were given preferential treatment because of their sex, race, and/or national origin.

59. Ms. Morts suffered from what constitutes a disability during the course of her employment with Defendant.

60. Ms. Morts was qualified for her position and able to perform the essential functions of the job, with or without reasonable accommodation.

COMPLAINT FOR DAMAGES
Page 6

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

61. Defendant had both actual and constructive notice of Ms. Morts's disability, and Defendant perceived that she had a disability.

62. Defendant discriminated against Ms. Morts on the basis of her disability and/or the perception that she had a disability by taking numerous adverse actions against her.

63. Defendant took adverse employment actions against Ms. Morts by failing to reasonably accommodate her disability.

64. Defendant failed to engage in a good faith interactive process to provide Ms. Morts with accommodations.

65. Ms. Morts opposed discrimination and harassment and engaged in protected activity during her employment.

66. Defendant retaliated against Ms. Morts for engaging in protected activity and for her opposition activity to the above referenced unlawful employment practices and created a hostile work environment based on retaliation.

67. Defendant took adverse actions against Ms. Morts, including, but not limited to, giving Ms. Morts a poor "Connect" without basis, giving her poor "Rewards" without basis, taking away all of her direct reports, destroying her reputation within Microsoft, and wrongfully discharging her in violation of the FLA, WLAD, Section 1981, the FMLA, and the tort of wrongful discharge in violation of public policy.

68. The effect of the practices complained of in the above paragraphs has been to deprive Ms. Morts of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, national origin, gender, disability, protected medical leave, and/or opposition to Defendant's unlawful employment practices.

69. Defendant's action violated Washington's tort of wrongful discharge in violation of public policy, which protects employees from being terminated in violation of Washington's several policies protecting employees from discrimination and retaliation.

COMPLAINT FOR DAMAGES
Page 7

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

70. Defendant failed to act to eliminate the discrimination, harassment, and retaliation.

71. The unlawful employment practices complained of in the above paragraphs were intentional.

72. Defendant intentionally discriminated against Plaintiff in the face of a perceived risk that its actions would violate Plaintiff's rights under state and federal law.

73. The unlawful employment practices complained of in the above paragraphs were done with malice and/or with reckless indifference to Plaintiff's rights as protected by federal and state laws.

74. As a result of Defendant's conduct, Ms. Morts has suffered and continues to suffer damages.

75. Plaintiff is not required to plead every legal theory supporting her claims, and through the discovery process Ms. Morts expects to uncover additional instances, actions, and evidence of Defendant's unlawful conduct which will support her claims for relief and justice that need not be pled under the law. Thus, this short and plain statement of claims is not exhaustive of the facts and legal theories that will be presented at trial.

### V.    PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any other employment practice which discriminates on the basis of race, national origin, gender, and disability, retaliates on the basis of engaging in protected activity, or otherwise deprives employees of rights available under the FLA, WLAD, Section 1981, the FMLA, and Washington State's tort of wrongful discharge in violation of public policy.

COMPLAINT FOR DAMAGES
Page 8

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in an amount to be determined at trial including, but not limited to the damages provided for by RCW 49.48 *et. seq.* and RCW 49.52 *et seq*.

E.  Order Defendant to pay Plaintiff liquidated damages for its failure to comply with the FMLA/FLA in amounts to be determined at trial.

F.  Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in the above paragraphs, including without limitation, emotional pain, suffering, humiliation, distress, and loss of enjoyment of life, in an amount to be determined at trial.

G.  Order Defendant to pay punitive damages to the fullest extent allowed by law.

H.  Order Defendant to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to attorneys' fees.

I.  Award Plaintiff the costs of this action, including attorneys' fees, expert fees, and all other costs to the fullest extent allowed by law.

J.  Award pre-judgment interest and post-judgment interest.

K.  Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, and/or just.

COMPLAINT FOR DAMAGES
Page 9

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

DATED this 21st day of September, 2020.

         THE BLANKENSHIP LAW FIRM, PLLC


         By:   s/ Scott C. G. Blankenship

         By:   s/ Richard E. Goldsworthy
          Scott C. G. Blankenship, WSBA No. 21431
          Richard E. Goldsworthy, WSBA No. 40684
          The Blankenship Law Firm, PLLC
          1000 Second Avenue, Suite 3250
          Seattle, WA 98104
          Telephone: (206) 343-2700
          Facsimile: (206) 343-2704
          Email: sblankenship@blankenshiplawfirm.com
            rgoldsworthy@blankenshiplawfirm.com
        Attorneys for Plaintiff

COMPLAINT FOR DAMAGES
Page 10

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700